STATE v. MERCHANTS BANK OF LAKE CITY and Others.

November 10, 1898.

Nos. 11,444—(100).

**Stipulation for Judgment—Party not Signing Stipulation not Bound by Judgment—Insolvent Bank.**

All of the parties to the action but one entered into a stipulation for judgment which ignored the rights of such other party, and the court ordered judgment accordingly, which was then entered. On the appeal of such other party, *held*, the judgment should be reversed as to her.

Action in the district court for Wabasha county to annul the charter of the Merchants Bank of Lake City. A creditor of the bank thereupon filed an intervening complaint, in his own behalf and in behalf of all other creditors, to enforce the double liability of the stockholders in said bank. Numerous creditors of the bank thereupon filed their intervening complaints and became parties to the action. Pursuant to a stipulation signed by all the intervening claimants, except Mrs. L. E. Peirce, judgment was ordered by Snow, J., against the stockholders for the full amount of their liability, but the receiver was directed to satisfy said judgment on payment by the stockholders of 60 per cent. of their liability. From the judgment entered in accordance with that order, the intervening claimant Mrs. L. E. Peirce appealed. Reversed.

*McGovern & Murdoch,* for appellant.

*Henry W. Morgan, Wesley Kinney* and *Allen J. Greer,* for respondents.

CANTY, J.

This is an action, under G. S. 1894, c. 76, to wind up an insolvent corporation. A supplemental complaint was filed to enforce the

stockholders' superadded liability, and 258 creditors, including this appellant, intervened and set up their claims. The case was partly tried, and adjourned to a later day. In the meantime the other 257 creditors entered into an agreement with the stockholders who were made defendants, by which it was agreed that judgment might be entered in favor of said other 257 creditors and against said stockholders for the full amount of their double liability, and that the judgments so entered should be satisfied on the payment of certain specified amounts, being in the aggregate 60 per cent. of the amounts of the judgment so to be entered. This appellant was not a party to that agreement. The court subsequently made its findings of fact and conclusions of law, in which it found the amount due each of the 258 creditors, recited said agreement, and ordered judgment pursuant thereto. From the judgment entered thereon this appeal is taken, and it is contended that the judgment is not supported by the findings of fact.

It appears by the findings that the amount of indebtedness is much more than such 60 per cent. will pay, but nevertheless the judgment provides that the amount so adjudged against each stockholder shall be satisfied on payment of the amount which the agreement stipulates he may pay in satisfaction of the same as aforesaid. It is further adjudged that, after paying the expenses of administration out of the sums so paid in, the balance shall be distributed ratably among all of the 258 creditors.

While the agreement is binding on all the creditors who entered into it, it is not binding on this appellant, who is not a party to it. As to her the judgment is erroneous.

Some of the creditors gave a bond to indemnify the stockholder defendants against the claim of this appellant.

We will not prescribe the modification to be made to the judgment, but will remand the case to the court below, with directions to modify the judgment in accordance with this opinion, after notice to the parties. It is so ordered.